FILED

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### (ALEXANDRIA DIVISION)

2014 OCT 28   A 11: 59

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

**DAVID A. SANOCKI**
9376 River Crest Rd
Manassas, VA 20110

**RONALD ROLAN**
403 Cleveland Ct.
Fredericksburg, VA 22407

**JONATHAN DELGADO**
8110 Portwood Turn Apt. 17
Manassas, VA 20109

**PATRICK MURPHY**
15 Iverness Court
Cheshire, CT 06410

**CAROLYN KAREN SMITH**
4900 Chargrove Avenue
Baltimore, MD 21215
                    *Plaintiffs,*
        v.

**LORD & COMPANY
TECHNOLOGIES, INC.**
8809 Sudley Road
Manassas, VA 20110

    Serve:
**REGISTERED AGENT**
Lee Ann W. Cabrera
8809 Sudley Road
Manassas, VA 20110

**and**

**WILLIAM CABRERA**
8809 Sudley Road
Manassas, VA 20110

**and**

CASE NO. 1:14CV1414-LMB-TRJ

- 1 -

**LEE ANN W. CABRERA**
**8809 Sudley Road**
**Manassas, VA 20110**

*Defendants.*

## COMPLAINT

COMES NOW, Plaintiffs DAVID A. SANOCKI, RONALD ROLAN, JONATHAN DELGADO, PATRICK MURPHY & CAROLYN KAREN SMITH, by and through undersigned counsel, and files this Complaint alleging violations of the Fair Labor Standards Act and Wrongful Termination against Defendants LORD & COMPANY TECHNOLOGIES, INC., WILLIAM "BILL" CABRERA and LEE ANN W. CABRERA. Plaintiffs seek to recover unpaid wages, unpaid overtime and statutory damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. *§ §* 201 *et seq.* ("FLSA"). Plaintiffs seek to have this matter certified as a collective action on behalf of them and all their similarly situated former co-workers. In addition, David Sanocki seeks to recover lost wages, compensatory and punitive damages for being wrongfully discharged for opposing actions that are unlawful under the FLSA.

## NATURE OF THE CASE

1.      This is an action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C.  § 201 *et seq.*, by the Plaintiffs against the Defendants for failure to pay minimum wage and/or overtime for all hours worked by Plaintiff in violations of the FLSA.

2.      Plaintiffs seek minimum and overtime wages for each unpaid hour of work as proven at trial, plus an equal amount in liquidated damages, pre- and post-

judgment interest, attorney's fees and reasonable costs of litigation to be paid by Defendants.

3.      Plaintiffs seeks to represent in this collective action all employees or former employees of Defendants who consent to be so represented, who were not exempt from the wage and hours provisions of the FLSA and who were not paid minimum wage or overtime as required by the FLSA.

## THE PARTIES

4.      Defendant Lord & Company Technologies, Inc., ("the Company") is an installer of in-building, in-tunnel, and in- ship wireless communications systems.

5.      Among other things, the Company repairs, services and installs in-building wireless communication systems.

6.      On information and belief the Company is incorporated in the Commonwealth of Virginia.

7.      The Company's principal place of business is 8809 Sudley Road, Manassas, Virginia 20110.

8.      Defendant William "Bill" Cabrera is a Director of the Company.

9.      Defendant William "Bill" Cabrera is an Officer of the Company.

10.     Defendant William "Bill" Cabrera is an owner of the Company

11.     Defendant William "Bill" Cabrera is the vice-president and principal

executive officer of the Company with offices at the Company's address. At all relevant times William "Bill" Cabrera acted directly or indirectly to advance the interests of the Company with respect to the Company's relations with Plaintiffs.

12.     Defendant Lee Ann W. Cabrera is a Director of the Company.

13.     Defendant Lee Ann W. Cabrera is an Officer of the Company.

14.     Defendant Lee Ann Cabrera is an owner of the Company

15.     Defendant Lee Ann W. Cabrera is the registered agent of the Company.

16.     Defendant Lee Ann W. Cabrera is a principal executive officer of the Company with offices at the Company's address. At all relevant times Lee Ann W. Cabrera acted directly or indirectly to advance the interests of the Company with respect to the Company's relations with Plaintiffs.

17.     At all times during Plaintiffs' employment, William "Bill" Cabrera has held a substantial ownership and/or financial interest in the Company.   At all times relevant, William "Bill" Cabrera was one of the Plaintiffs' top managers and supervisors.   On information and belief, at all times relevant, William "Bill" Cabrera was one of the individuals in charge of the day-to-day operations of the Company.

18.     At all times during Plaintiffs' employment, William "Bill" Cabrera was one of the Plaintiffs' top managers and supervisors.

19. At all times relevant, William Cabrera was one of the individuals in charge of the day-to-day operations of the Company.

20. At all relevant times, Defendant William "Bill" Cabrera had operational control of the Company including the work performed, environment, and conditions of employment and managerial decisions such as hiring, firing, compensating, supervising, creating schedules, maintaining time and other employment records, determining the rate and method of compensation, and contracting to provide services on behalf of Defendant.

21. Defendant William "Bill" Cabrera is the vice-president of the Company and the executive officer of the Company who oversaw on a daily basis the terms and conditions of the Plaintiffs' employment.

22. Lee Ann W. Cabrera maintains an office at the Company's address. At all relevant times Lee Ann W. Cabrera acted directly or indirectly to advance the interests of the Company with respect to the Company's relations with Plaintiffs.

23. Defendant Lee Ann W. Cabrera had operational control of the Company including the work performed, environment, and conditions of employment and managerial decisions such as hiring, firing, compensating, supervising, creating schedules, maintaining time and other employment records, determining the rate and method of compensation, and contracting to provide services on behalf of Defendant.

24.     At all times during Plaintiffs' employment, Lee Ann W. Cabrera was one of Plaintiffs' top managers and supervisors.    At all times relevant, Lee Ann W. Cabrera was one of the individuals in charge of the day-to-day operations of the Company.

25.     The Company is located within the Eastern District of Virginia.

26.     The Company conducts substantial business in the Eastern District of Virginia, including projects that were done in Fairfax County, Prince William County, Arlington County and the City of Alexandria.

27.     The Company engages in interstate commerce.

28.     The Company routinely purchases and installs goods that have moved in interstate commerce.

29.     The Company routinely performs work for clients located in Virginia, Maryland and the District of Columbia.

30.     Plaintiff, David Sanocki is a resident of Prince William County, Virginia and was an employee of the Company from approximately May 2013 to December 2013.

31.     Plaintiff Ronald Rolan is a resident of Fredericksburg, Virginia.

32.     Plaintiff Ronald Rolan was an employee of the Company for about 2 1/2 years.

33.     Plaintiff Jonathan Delgado is a resident of Manassas, Virginia.

34.     Plaintiff Jonathan Delgado worked for Defendants until about January 2014.

35.     Plaintiff Patrick Murphy is currently a resident of Connecticut.  During his employment with Defendants, Murphy was a resident of Virginia.

36.     Plaintiff Carolyn Karen Smith is a resident of Baltimore, Maryland.

37.     Plaintiffs performed a substantial part of their work for the Company in the Eastern District of Virginia.

## JURISDICTION AND VENUE

38.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1337 because this action arises under the FLSA, a federal law.

39.     Venue lies in this Court pursuant to 28 U.S.C. § 1391 because, among other reasons, a substantial part of the events or omissions giving rise to the claims occurred in this district and in this division.

40.     Venue is proper in this Court because Plaintiffs were required to report to Defendants' Manassas location each morning to receive instructions and necessary equipment.

41.     Venue is proper in this Court because Plaintiffs were routinely required to return to Defendants' Manassas location each evening to report on the progress of the jobs and receive instructions regarding the next day's tasks.

42.     Venue lies in this Court and in this division because the Company routinely serves clients in Prince William County, Virginia, Fairfax County, Virginia, Arlington County, Virginia and in the City of Alexandria.

43.     Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial

part of the acts or omissions giving rise to Plaintiffs' claims occurred, in this district and division.

44.     This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b) and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331 (Federal Question). Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

45.     At all times relevant to this action, Defendants were each, and collectively, enterprises engaged in interstate commerce within the meaning of the FLSA.

## THE CONDUCT AT ISSUE

46.     Plaintiffs performed work for Defendants in the regular course of their employment until the conclusion of their employment. At all times, or nearly all times, during the period of employment, Plaintiffs worked more than forty (40) hours per week.

47.     Plaintiffs have not been paid wages and overtime for all hours worked.

48.     Plaintiffs were required to report to Defendants Manassas location each morning to receive instructions and necessary equipment.

49.     Plaintiffs were not compensated for time spent in the morning at Defendants' Manassas location or travel time to the first project each day.

50.     Plaintiffs were routinely required to return to Defendants' Manassas location each evening to report on their progress and receive instructions and

necessary equipment.

51.     Plaintiffs were not compensated for time spent in the evening at Defendants' Manassas location or travel time each day from the last project to the office.

52.     Plaintiffs routinely worked 13 to 14 hours per day.  Plaintiffs were typically only compensated for about ten hours per day.

53.     Plaintiffs were each told by the Defendants that they would be paid at an hourly rate of between ($13.00) thirteen to about ($17.00) seventeen dollars per hour.  Defendants told Plaintiffs that they would not receive time and one half (11/2) for hours in excess of 40 in a pay period.

54.     Moreover, on numerous occasions Defendants did not pay Plaintiffs anything at all for many of the hours that they worked, in violation of the minimum wage provision of the FLSA. Other employees of Defendants, similarly situated to Plaintiff, also suffered harm from the same illegal pattern of conduct by Defendants.

55.     At all times alleged herein, Plaintiffs has never been indebted to Defendants.

56.     At all times alleged herein, the Company was an enterprise engaged in interstate commerce or in the production of goods for interstate commerce whose annual gross volume of sales or business done was not less than $500,000.

57.     Plaintiffs were laborers and installation technicians who worked out of the Company's offices in Manassas, Virginia.

58.     Plaintiffs were paid between about $13.00 to $17.00 per hour.

59.     Plaintiffs routinely worked at least 50 hours per week.

60.     Plaintiffs sometimes worked 60 to 65 hours per week.

61.     Defendants routinely required Plaintiffs to work more than 40 hours in a week.

62.     Defendants routinely only compensated Plaintiffs for 40 hours in a week.

63.     Plaintiffs were not paid time and one half (1/12) their regular hourly rate for the hours they worked in excess of 40 hours in a work week.

64.     The Company was established in 1995. The Company installs wireless communication systems in commercial and government buildings. The majority of the Company's projects are in the Mid-Atlantic States.

65.     The Company has also completed projects in Colorado, California and Puerto Rico.

66.     The Company is engaged in interstate commerce.

67.     The wireless systems and telecommunications systems that the Company installs are products which move in interstate commerce. The Company partners with Verizon, AT&T, Sprint and T-Mobile, each of which is engaged in interstate commerce.

68.     Defendants engaged in interstate commerce by:

•       Corresponding with individuals in other states via telephone;

•       Sending and receiving mail to and from individuals in other states;

- Sending and receiving email to and from individuals in other states;

- Processing credit card transactions in interstate commerce;

- Transacting business in interstate commerce;

- Crossing state lines to install wireless systems;

- Purchasing goods manufactured and distributed in other states;

- Contracting with companies located in other states;

- Selling and installing goods manufactured and distributed in other states; and

- Employing goods manufactured and distributed in other states.

69.     In 2013 Plaintiff David Sanocki was hired by Defendants.

70.     In December 2013 Defendants fired Plaintiff David Sanocki.

71.     In 2013 Plaintiff Carolyn Karen Smith was hired by Defendants.

72.     In 2013 Plaintiff Patrick Murphy was hired by Defendants.

73.     In 2011 Plaintiff Ronald Rolan was hired by Defendants.

74.     In 2013 Plaintiff Jonathan Delgado was hired by Defendants.

75.     In 2013 Plaintiff Carolyn Karen Smith performed work for Defendants.

76.     In 2013 Plaintiff Patrick Murphy performed work for Defendants.

77.     In 2013, Plaintiff David Sanocki performed work for Defendants.

78.     In 2011, 2012 and 2013 Plaintiff Ronald Rolan performed work for Defendants.

79.     In 2013 Plaintiff Jonathan Delgado performed work for Defendants.

80.     Defendants' conduct was willful and intentional in that Defendants well knew the wage requirements of the FLSA and that their conduct violated these requirements. Moreover, most affected employees, including Plaintiffs lacked

formal education or college degrees and had little money. Defendants believed that such employees would be unlikely to report Defendants' misconduct to the authorities or to seek relief from the courts, and that, consequently, Defendants could violate the FLSA with impunity.

81.     On information and belief, at all times, the individual defendants made all decisions relating to Plaintiffs' rate and method of pay.

82.     At all times, the individual defendants were responsible for maintaining all employment records for Plaintiff.

83.     All three (3) Defendants were Plaintiffs' "employers" for purposes of the FLSA.

84.     Defendants told Plaintiffs that they would not be paid for work performed in the morning before they reached the first job site or in the evening after they returned to the office, but that the Defendants expected them to work the additional hours nonetheless.

85.     Defendants required Plaintiff to spend ten hours per day at the various job sites.

86.     Defendants only compensated Plaintiffs for time spent at the job sites.

87.     Defendants required Plaintiffs to work a minimum of 10 hours per day.

88.      Plaintiffs routinely worked 50 to 55 hours per week.

89.     Defendants knew that Plaintiffs worked overtime throughout their tenure with the Company but did not pay Plaintiffs one and one-half time their purported rate of pay for any overtime hours worked.

90.     Plaintiffs were not members of management and were not consulted or

involved in managerial decisions such as hiring, firing, interviewing, compensating, supervising employees or determining the rate and method of other employee's compensation.

91. At all times, Defendants controlled all aspects of Plaintiffs' job duties through strictly enforced employment rules.

92. Defendants failed to post the statutory required notices, failed to inform Plaintiffs of their rights under the FLSA and/or misled Plaintiffs regarding their rights under the FLSA.

93. At all times, Plaintiffs were Defendants' employees and were never independent contractors.

94. Defendants hired Plaintiffs and. at all times, had the ability to set their work schedule, discipline them and/or fire them.

95. At all times during Plaintiffs' employment, Defendants had knowledge that Plaintiffs regularly and customarily worked about fifty-five (55) or many more hours per week and suffered or permitted Plaintiffs to work about fifty-five (55) or more hours per week.

96. Defendants, at all times, supervised Plaintiffs' work duties to make sure Plaintiffs '·job performance was of sufficient quality.

97. Defendants controlled all aspects of setting and enforcing the work schedule for Plaintiffs.

98. During the period of Plaintiffs' employment, Defendants provided Plaintiffs with all necessary tools and equipment required to perform his work duties for Defendants.

- 13 -

99. Plaintiff was never able to make more money or enjoyed more financial benefits if Defendants were operating successfully and realizing increased or additional profits.

100. At no time did Plaintiffs make a financial investment in Defendants' business operation or any equipment belonging to Defendants.

101. To perform the work duties that Plaintiffs performed for Defendants, Plaintiffs did not have or need any required certificate, education, or specialized training.

102. The Company routinely held managerial meetings. Plaintiffs were not invited to any of these management meetings.

103. Plaintiffs were never members of Defendants' management.

104. At no time did Defendants pay Plaintiffs as "salaried" employees.

105. Plaintiffs did not perform work that is exempt from the overtime pay requirement of the FLSA.

106. Defendants were each, and collectively, Plaintiffs' "joint employer," "employer," or "integrated enterprise employer" within the meaning of the FLSA,

107. Defendants failed to pay Plaintiff any wages for approximately three hours per work day that Defendants required or allowed Plaintiff to work.

108. Defendants failed to pay Plaintiff overtime for approximately 10 hours to 15 hours per work week that Defendants required or allowed Plaintiffs to work.

109. Defendants failed to pay Plaintiffs time and one half for each hour of overtime they worked.

110. Defendants knowingly and willfully engaged in "wage theft" in that

Plaintiffs' pay checks reflect compensation for about fifteen (15) less hours per week compared to what Plaintiffs actually were required to work.

111. The consequence of Defendants' common "wage theft" or "payroll fraud" scheme was that Defendants failed and refused to compensate Plaintiffs for about ten (10) to fifteen (15) or more hours per week.

112. Defendants engaged in a pattern and practice of labor violations with regard to their laborers and technicians.

113. At all times throughout the course of Plaintiffs' employment, each of the Defendants had the authority to control the work of Plaintiff, and each of the Defendants had the power and authority to change the course of Plaintiffs' work duties.

114. At all times throughout the course of Plaintiffs' employment, Plaintiff recognized each Defendant's authority and obeyed each Defendant's instructions.

115. Defendants are in continuous violation of the FLSA by failing to compensate Plaintiffs for all hours worked as required under § 206(a)(l).

116. Defendants also failed to pay Plaintiffs minimum wages, or any wages, for hours that Defendants required or allowed Plaintiffs to work.

117. In fact, on all occasions Defendants did not pay for hours in excess of forty hours worked in a workweek at a rate of time and a half, as required by the FLSA. Moreover, on numerous occasions Defendants did not pay Plaintiff anything at all for many of the hours that they worked in excess of 40 hours in a work week in

violation of the minimum wage provision of the FLSA.

118.     Defendants' conduct was willful and intentional in that Defendants well knew the wage requirements of the FLSA and that their conduct violated these requirements. Defendants believed that employees such as Plaintiff would be unlikely to report Defendants' misconduct to the authorities or to seek relief from the courts, and that, consequently, Defendants could violate the FLSA with impunity.

119.     Defendant William "Bill" Cabrera is Vice-President and has operational control of the Company including the work performed, environment, and conditions of employment and managerial decisions such as hiring, firing, compensating, supervising, creating schedules, maintaining time and other employment records, determining the rate and method of compensation, and contracting to provide services on behalf of Defendant.

120.     On information and belief, Defendant William "Bill" Cabrera signs checks on behalf of the Company.

121.     On information and belief, Defendant Lee Ann W. Cabrera signs checks on behalf of the Company.

122.     For the purposes of the FLSA, Defendants jointly employed Plaintiff and Defendants William "Bill" Cabrera and Lee Ann W. Cabrera were persons acting directly in the interest of Defendant, the Company.

123.     Plaintiffs frequently worked more than 40 hours a week.

124.     At no time did Plaintiffs perform work that meets the definition of exempt work under the FLSA.

## CAUSE OF ACTION

### COUNT I - VIOLATION OF FLSA MINIMUM WAGE AND OVERTIME REQUIREMENTS

125.    The foregoing paragraphs are incorporated herein as if fully restated.

126.    At all times relevant, Plaintiffs were "employees" covered by the FLSA, 29 U.S.C. § 207(a)(l) and Defendants were their "employers" under FLSA, 29 U.S.C. § 207(a)(2).

127.    Defendants did not compensate Plaintiffs for all hours that Defendants required and/or "suffered or permitted" Plaintiffs to work with the actual or constructive knowledge of Defendants. Defendants' conduct violated 29 U.S.C. § 206, which requires that Plaintiffs be paid a specified minimum wage for their work.

128.    Defendants regularly and willfully required Plaintiff to work in excess of forty (40) hours during a workweek and/or "suffered or permitted" such overtime work. In fact, Defendants required Plaintiffs to work more that forty (40) hours per week at nearly all times during their respective periods of employment. Defendants' conduct violated 29 U.S.C. § 207(a)(l ), which requires that Plaintiffs be paid at a rate no less than one and one-half times the regular rate for a workweek longer than forty (40) hours.

- 17 -

129.    Defendants have failed and refused to properly compensate Plaintiffs as required by the FLSA for numerous hours of overtime worked.

130.    Defendants' failure and refusal to properly compensate Plaintiffs was willful and intentional, and Defendants did not make a good faith effort to comply with the FLSA with respect to compensation of Plaintiffs.

131.    As a result of Defendants' unlawful acts, Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial.

132.    Plaintiffs are due an amount to be determined for unpaid wages arising from Defendants' failure to pay Plaintiffs.

133.    Plaintiffs are due an equal amount for liquidated damages.

134.    Plaintiffs are due attorneys' fees.

135.    Plaintiffs are due the costs of this action.


### PRAYER FOR RELIEF COUNT I

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Damages for unpaid wages and one and one half the applicable hourly wage for each unpaid hour of overtime Plaintiffs worked without compensation;

b) Plaintiffs are due an equal amount for liquidated damages.

c) Attorney's fees and costs and expenses of this action;

d) An award of interest (both pre- and post- judgment) upon such unpaid wages

and unpaid overtime as may be due;

e)      Such other relief as the Court may deem proper.

## COUNT II - COLLECTIVE ACTION/OTHER PUTATIVE PLAINTIFFS

136.    The foregoing paragraphs are incorporated herein as if fully restated.

137.    Plaintiffs are aware of about 15 to 25 other employees of Defendants who are similarly situated in that they worked many hours as laborers/technicians for Defendants for which they were not paid minimum wage and/or overtime wages as required by the FLSA.

138.    Plaintiffs have knowledge that it was Defendants' common policy and practice to fail to record employees' time and to refuse to pay similarly situated employees all minimum wage and overtime compensation as required by the FLSA.

139.    Plaintiff seeks to notify and represent in this collective action all employees or former employees of Defendants who consent to be so represented, who were not exempt from the wage and hours provisions of the FLSA and who were not paid minimum wage or overtime as required by the FLSA.

## PRAYER FOR RELIEF COUNT II

WHEREFORE, Plaintiff prays for relief and judgment on this Count, as follows:

a)  A determination that this case may proceed as a collective action pursuant to 29 USC§ 21 6(b);

b)   Notification of <u>all</u> other current and former employees of the Company of the substance of this litigation and that they may join this collective action;

c)   Award of Attorney's fees and costs and expenses of this action;

d)   Such other relief as the Court may deem proper.

## COUNT III - WRONGFUL TERMINATION
## IN VIOLATION OF FLSA & VIRGINIA LAW

140.   The foregoing paragraphs are incorporated herein as if fully restated.

141.   Plaintiff David Sanocki believed that he and his co-workers were entitled to minimum wages and overtime.

142.   Plaintiff David Sanocki was warned that employees who sought to be paid overtime were summarily discharged.

143.   Nonetheless, in December 2013, Plaintiff David Sanocki attempted to discuss Defendants' refusal to pay its employees minimum wages and overtime with Defendant William Cabrera.

144.   Defendant William Cabrera refused to discuss the issue with Plaintiff Sanocki.

145.   In retaliation for Plaintiff Sanocki merely raising the issue of unpaid wages and unpaid overtime Defendant Cabrera immediately discharged Sanocki.

146.   Defendant discharge of Sanocki violated the anti-retaliation provisions of the FLSA.

147.   Defendants discharge of Sanocki violated and was wrongful under Virginia law.

148.    Plaintiff Sanocki has lost wages and continues to lose wages because of the wrongful/retaliatory discharge.

149.    Wherefore, Defendants are jointly and severally liable to Plaintiff Sanocki for lost wages, compensatory damages, punitive damages, pre and post judgment interest, attorneys' fees and costs.

### PRAYER FOR RELIEF COUNT III

WHEREFORE, Plaintiff David Sanocki prays for relief and judgment on Count III, as follows:

a) Damages for lost wages including back pay and front pay,

b) Attorney's fees and costs and expenses of this action;

c) An award of interest (both pre- and post- judgment) upon such unpaid/lost wages as may be due;

d) Compensatory and punitive damages;

d) Such other relief as the Court may deem proper.

### PRAYER FOR RELIEF ALL COUNTS

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Damages of one and one half the applicable hourly wage for each unpaid hour of overtime Plaintiffs worked without compensation, Plaintiffs are due an equal amount for liquidated damages.

b) Attorney's fees and costs and expenses of this action;

c) An award of interest (both pre- and post- judgment) upon such unpaid wages as may be due;

d)  A determination that this case may proceed as a collective action pursuant to 29 USC§ 21 6(b) and that all potential class member should be notified;

e)  An award to David Sanocki of lost wages, back pay, front pay, compensatory and punitive damages for the wrongful discharge he has suffered; and,

e)  Such other relief as the Court may deem proper.

JURY DEMAND

Plaintiffs demand a trial by jury for all claims which may be so tried.

Respectfully submitted,

ON BEHALF OF PLAINTIFFS

/s/
Andrew S. Cabana (Virginia Bar No. 48151)
**LAW OFFICE OF ANDREW CABANA, PC**
2121 Eisenhower Avenue, Suite 200
Alexandria, Virginia 22314
703.518.7930 | Telephone
703.684-3620 | Facsimile
Email: Andrew@acabanalaw.com